UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DANIEL LEE LANE, JR.,

                Petitioner,                Case No. 2:21-cv-48

v.                                Honorable Robert J. Jonker

MICHAEL D. BITNAR,

                Respondent.
_____/

## OPINION

Petitioner Daniel Lee Lane, Jr. is awaiting trial on criminal charges in the Chippewa County Circuit Court. He is presently being held in the Chippewa County Jail by Respondent Michael D. Bitnar. Petitioner complains that he is being denied his constitutional right to a speedy trial. Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Petitioner seeks relief under that statutory section.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases.

includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I.     Factual allegations

On March 10, 2021, Petitioner filed his habeas corpus petition raising one ground for relief, as follows:

> I.     Michigan Court Rule 6.004 state that after 180 days of incarceration, that a person is to be released on personal recogniz[ance] bond, the constitution states a defendant has the right to a quick and speedy trial, by a[n] impartial jury.

(Pet., ECF No.1, PageID.6.) Petitioner indicates that he sought relief for a speedy trial violation and violation of Michigan's "180-day rule" from the Chippewa County Circuit Court by way of a motion. (*Id*., PageID.2, 6.) The circuit court denied relief on February 23, 2021. (*Id*.) Petitioner has not appealed the circuit court's order. (*Id*.) He claims he asked for the paperwork, but the court did not provide it. (*Id*., PageID.2.)

Petitioner asks the Court to release him because his right to a speedy trial is being violated. Petitioner does not state when he was arrested or how long he has been detained. But his complaint has become a common one since many jury trials have been delayed due to the restrictions put in place as a result of the COVID-19 pandemic.

### II.     Exhaustion of State Court Remedies

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes

2

permits relief to a pretrial detainee.  Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241.  *Atkins*, 644 F.2d at 546 n.1.

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances:  (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).  Petitioner's claim falls within those exceptional circumstances:  he seeks a speedy trial.

Even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court.  *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 49091 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted).  The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Atkins*, 644 F.2d at 546.

Therefore, even as a pretrial detainee, Petitioner would have to file a motion in the circuit court seeking relief from the order detaining him.  If his motion were denied by the circuit court—as it has been here—Petitioner must pursue available appeals of that decision.  Petitioner

has not done so; therefore, he has not exhausted available state court remedies and relief is not available under § 2241.

### III.     Certificate of appealability

Section 2253(c)(1) requires this Court, or the Sixth Circuit Court of Appeals, to issue a certificate of appealability before an appeal may be taken from the final order in a habeas corpus proceeding.   The Sixth Circuit has concluded that the certificate of appealability requirement applies to state pretrial detainees seeking relief under § 2241.  *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020).   A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, for the same reasons I conclude that Petitioner has failed

to demonstrate that he is entitled to relief under § 2241, I also conclude that any issue Petitioner

might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### <u>Conclusion</u>

The Court will enter a judgment dismissing the petition for lack of exhaustion and

an order denying a certificate of appealability.


Dated:   <u>March 18, 2021</u>           <u>/s/ Robert J. Jonker</u>
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE